# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| STC.UNM, <br><br> Plaintiff, <br><br> v. <br><br> TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LIMITED and TSMC NORTH AMERICA, INC., <br><br> Defendants. | CIVIL ACTION NO. 6:19-CV-00261-ADA <br><br><br> JURY TRIAL DEMANDED |

## STC.UNM'S MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE ON TSMC

Charles L. Ainsworth (Texas 00783521)
Robert Christopher Bunt (Texas 00787165)
(application pending)
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Suite 418
Tyler, Texas 75702
Tel: (903) 531-3535
charley@pbatyler.com
rcbunt@pbatyler.com

Michael W. Shore (Texas 18294915)
Alfonso G. Chan (Texas 24012408)
Samuel E. Joyner (Texas 24036865)
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
mshore@shorechan.com
achan@shorechan.com
sjoyner@shorechan.com

Brian D. Melton (Texas 24010620)
John P. Lahad (Texas 24068095)
Alejandra C. Salina (Texas 24102452)
Jeffrey David (Texas 24053171)
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
bmelton@susmangodfrey.com
jlahad@susmangodfrey.com
asalinas@susmangodfrey.com
jdavid@susmangodfrey.com

**COUNSEL FOR PLAINTIFF STC.UNM**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ..................................................................................................... 1

II. BACKGROUND FACTS SUPPORTING ALTERNATIVE SERVICE ................................... 1

III. ARGUMENT ................................................................................................................................... 3

    A. Alternative service of process is justified for the Taiwan-based defendant. ............. 4

    B. The proposed means of service are not prohibited by international agreement. ... 5

    C. The proposed means of service satisfy due process. ........................................................ 6

    D. Service under Taiwanese law would be time-consuming and expensive and will complicate and multiply the proceedings. ............................................................................ 7

    E. STC.UNM's proposed alternative service under Rule 4(f)(3). ..................................... 10

IV. CONCLUSION ............................................................................................................................. 10

**TABLE OF AUTHORITIES**

**CASES:**

*Affinity Labs of Tex., LLC v. Nissan N. Am., Inc.*,
   No. 6:13-CV-369-WSS, 2014 WL 11342502 (W.D. Tex. Jul. 2, 2014) .............................. 3, 6, 7

*Alu, Inc. v. Kupo Co.*,
   No. 6:06-CV-327-ORL-28DAB, 2007 WL 177836 (M.D. Fla. Jan. 19, 2007) ........................ 5

*Baker Hughes Inc. v. Homa*,
   No. H-11-3757, 2012 WL 1551727 (S.D. Tex. Apr. 30, 2012) ............................................. 7

*Brown v. China Integrated Energy, Inc.*,
   285 F.R.D. 560 (C.D. Cal. 2012) ........................................................................................... 5

*Emine Tech. Co. v. Aten Int'l. Co.*,
   No. C 08-3122 PJH, 2008 WL 5000526 (N.D. Cal. Nov. 21, 2008) ................................... 5, 8

*Facebook, Inc. v. Banana Ads, LLC*,
   No. 11-CV-3619-YGR, 2012 WL 1038752 (N.D. Cal. Mar. 27, 2012) .................................. 6

*Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co., Ltd.*,
   No. 18-CV-00297-BAS-BGS, 2019 WL 246562 (S.D. Cal. Jan. 17, 2019) ........................... 5

*Fundamental Innovation Sys. Int'l., LLC v. ZTE Corp.*,
   No. 3:17-CV-01827-N, 2018 WL 3330022 (N.D. Tex. Mar. 16, 2018) .................................. 5

*In re LDK Solar Secs. Litig.*,
   No. C 07-05182 WHA, 2008 WL 2415186 (N.D. Cal. June 12, 2008) ................................ 5, 7

*In re GLG Life Tech Corp. Sec. Litig.*,
   287 F.R.D. 262 (S.D.N.Y. 2012) ........................................................................................ 5, 7

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   270 F.R.D. 535 (N.D. Cal. 2010) ........................................................................................ 5, 8

*Lisson v. Stream SICAV v. Wang*,
   989 F. Supp. 2d 264 (S.D.N.Y. 2013). ................................................................................... 5

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950) ............................................................................................................ 3, 6

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
   626 F.3d 1222 (Fed. Cir. 2010) ............................................................................................. 5

*Rio Props., Inc. v. Rio Intern. Interlink*,
   284 F.3d 1007 (9th Cir. 2002) ............................................................................................... 6

*Tatung Co. Ltd. v. Hsu*,
  No. SA-CV-131743, 2015 WL 11089492 (C.D. Cal. May 18, 2015) .......................................... 5

*West v. Velo Enter. Co., Ltd.*,
  No. 5:13-CV-00024-OLG, 2013 WL 12086781 (W.D. Tex. Aug. 29, 2013) ........................................ 4, 5

### **RULES:**

FED. R. CIV. P. 4 ............................................................................................................................ *passim*

FED. R. CIV. P. 5 ..................................................................................................................................... 12

### **STATUTES:**

35 U.S.C. § 315 ............................................................................................................. 4, 8, 9, 10

### **OTHER:**

*Amneal Pharmaceuticals, LLC v. Endo Pharmaceuticals Inc.*,
  IPR2014-00360, Paper 15 (P.T.A.B. June 27, 2014) ........................................................ 8, 9

*Motorola Mobility, LLC v. Michael Arnouse*,
  IPR2013-00010, Paper 20 (P.T.A.B. Jan. 30, 2013) ........................................................ 9, 10

*The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters*,
  Feb. 10, 1969, 20 U.S.T. 361; T.I.A.S. No. 6338 (The Hague Convention) .............................. 5

Pursuant to Federal Rule of Civil Procedure 4(f)(3) and (h)(2), plaintiff STC.UNM respectfully moves the Court for permission to serve the summons and complaint on foreign defendant Taiwan Semiconductor Manufacturing Company Limited ("TSMC") through its U.S. counsel, in-house counsel, and wholly-owned U.S. subsidiary defendant TSMC North America, Inc. ("TSMC North America").

## I. PRELIMINARY STATEMENT

STC.UNM is a New Mexico nonprofit research park corporation formed, owned, and controlled entirely by the Board of Regents of the University of New Mexico ("UNM"). UNM is a public educational institution based in Albuquerque, New Mexico and serves as the State of New Mexico's flagship research institution. Over the past twenty years, UNM researchers have disclosed over 1,700 new inventions resulting in the issuance of over 500 United States patents. STC.UNM's mission includes nurturing inventions researched and developed at UNM, promoting technological collaboration between UNM and other universities and research institutes, and catalyzing economic development in and for the State of New Mexico. STC.UNM furthers its mission by licensing its inventions and, if necessary, enforcing its intellectual property rights. STC.UNM reinvests licensing proceeds into continued research and development at UNM, for the benefit of the State of New Mexico and the rest of the United States.

## II. BACKGROUND FACTS SUPPORTING ALTERNATIVE SERVICE

STC.UNM sued TSMC and its wholly-owned U.S. subsidiary TSMC North America[1] for infringing a United States patent that pertains to fin-shaped field effect transistor ("FinFET")

---

[1] True and correct copies of TSMC North America's June 24, 2014 corporate disclosure statement filed in the lawsuit styled *DSS Tech. Mgmt., Inc. v. Taiwan Semiconductor Mfg. Co., Ltd. et al.*, No. 2:14-CV-00199-JRG (E.D. Tex.), which states that "it is a wholly owned subsidiary of [TSMC]," and its March 30, 2011 corporate disclosure statement filed in the lawsuit styled *Ziptronix, Inc. v. Omnivision Technologies, Inc. et al.*, No. 4:10-CV-05525-SBA (N.D. Cal.), which states TSMC "owns 100% of [TSMC North American]," are attached hereto as Exhibit A. Additionally, a true and correct copy of TSMC North America's *Certificate of Amendment of Articles of Incorporation of TSMC North America* for the California Secretary of State (filed May 22, 2008), which states that it is "a California corporation," is attached hereto as Exhibit B.

technology. As early as November 2, 2018, STC.UNM's Chief Executive Officer began corresponding by email with Kevin Shih, one of TSMC's in-house Senior Counsel located in Hsinchu, Taiwan. On January 16, 2019, Mr. Shih copied Matt Chen, another in-house Senior Counsel at TSMC, on the email string and informed STC.UNM that "Matt at IP division will be responsible for this matter going forward." Two days later, Mr. Chen copied Dominic Massa of the law firm of Wilmer Cutler Pickering Hale and Dorr LLP ("Wilmer Hale") on the email string and told STC.UNM to contact Mr. Massa directly if STC.UNM wanted to "understand" TSMC's noninfringement and invalidity positions:

> **From:** Matt Chen 陳志光 <JKCHENE@TSMC.COM>
> **Sent:** Friday, January 18, 2019 2:00 AM
> **To:** Elizabeth Kuuttila <kuuttila@stc.unm.edu>
> **Cc:** 'achan@ShoreChan.com' <achan@ShoreChan.com>; 'Massa, Dominic' <Dominic.Massa@wilmerhale.com>
> **Subject:** RE: Settlement and License Agreement dated November 10, 2010 and Letter Dated September 17, 2018 Regarding U.S. Patent No. 9,142,400
>
> Hi Lisa,
>
> As Kevin indicated, our expectation is to have the meeting in Hsinchu as it is STC.UNM who is approaching TSMC for the royalty and license matters.  We will make ourselves available if you would like to come to Taiwan for an in-person meeting to explore a possible business solution as you proposed.  Alternatively, if you only want to discuss the '400 patent assertion, you may contact our outside counsel, Dominic Massa of Wilmer Hale (copied on this email), to understand why the '400 patent is clearly invalid.  Furthermore, we already informed you that TSMC does not practice the '400 patent and our position is supported by the very evidence on which you rely.
>
> Best Regards,
> Matt Chen
> Senior Counsel
> Intellectual Property Division
> TSMC Legal
> Tel: +886-3-5636688 Ext. 712-6024

Subsequently, STC.UNM corresponded by email with Mr. Massa regarding the patent-in-suit.[2] In a March 20, 2019 email, Mr. Massa informed STC.UNM that TSMC could not continue licensing negotiations "without a prosecution bar in place." Finding TSMC's demand unnecessary as well as unreasonable, and given the parties' impasse, STC.UNM initiated the present action on April 12, 2019.

TSMC maintains no Registered Agent for service of process in the United States. According to TSMC North America's last filing with the California Secretary of State, its Registered Agent is located

---

[2] On March 1, 2019, Mr. Hale copied his partner, David Cavanaugh of Wilmer Hale (david.cavanaugh@wilmerhale.com), on the email string that began in November 2018.

at 2851 Junction Avenue, San Jose, California 95134.[3] To minimize time and expense and alleviate STC.UNM's concerns regarding the start of the one-year clock for filing *inter partes* review ("IPR") petitions, an alternative means of service through Mr. Massa, Mr. Chen, and TSMC North America is warranted.

### III.   ARGUMENT

Federal Rule of Civil Procedure 4(h)(2) states that a foreign corporation served outside the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual, expect personal delivery under (f)(2)(C)(i)."[4] Under Rule 4(f), foreign service can be accomplished by any one of three methods: "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) … as prescribed by the foreign country's law for service in that country … or (3) by ***other means not prohibited by international agreement, as the court orders***."[5] "By its plain language and syntax, Rule 4(f)(3)'s alternative is not a last resort, nor is it any less favored than service under subsections (1) and (2)."[6] Pursuant to Rule 4(f)(3), "so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service," including effecting service on a foreign corporation's U.S. counsel, email address, or wholly-owned U.S. subsidiary.[7] To comport with due process, the method of service crafted by the Court must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[8]

---

[3] A true and correct copy of TSMC North America's last *Statement of Information* for the California Secretary of State (filed October 22, 2018) is attached to this motion as Exhibit C.
[4] FED. R. CIV. P. 4(h)(2).
[5] FED. R. CIV. P. 4(f)(1)-(3) (emphasis added).
[6] *Affinity Labs of Tex., LLC v. Nissan N. Am., Inc.*, No. 6:13-CV-369-WSS, 2014 WL 11342502, at *2 (W.D. Tex. Jul. 2, 2014) (Smith, J.) (internal quotations omitted).
[7] *Affinity Labs*, 2014 WL 11342502, at *1, *4 (emphasis original).
[8] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

### A. Alternative service of process is justified for the Taiwan-based defendant.

TSMC owns and operates a semiconductor business in Taiwan that has an active presence on the internet and interacts online with customers around the world, including those in the United States.[9] Currently, the United States does not recognize Taiwan's government as a sovereign state,[10] which complicates matters for purposes of serving TSMC with process under "the foreign country's law." Added expense and delay aside, with various existing decisions from the Patent Trial and Appeal Board ("PTAB") and the absence of otherwise binding authority, it is unclear how a different panel of three administrative judges would reconcile Taiwan's service of process law with Rule 4(f) if a dispute later arose regarding an IPR petition filed more than one year after TSMC was served. Given that patent law is fraught with traps for the unwary—especially when contemplated together with 35 U.S.C. § 315(b), the Federal Rules of Civil Procedure, and the laws of an unrecognized foreign country—this uncertainty is too great of a risk for STC.UNM. But this significant prejudice can be easily mooted.

"Rule 4(f) provides for a number of equally valid methods of service."[11] Significantly, because Rule 4(f)(3) independently allows substituted service as long as it is directed by the Court and not prohibited by international agreement, it is not necessary for STC.UNM to first attempt service on TSMC through Taiwan's law before petitioning the Court for alternative relief under the rule. This is all the more applicable where outside counsel told STC.UNM's CEO (by email) that TSMC has "formulated multiple solid invalidating grounds ready for filing IPR petitions if necessary."

As explained below, none of the methods STC.UNM proposes is prohibited by any international agreement with Taiwan, and all of them comport with due process.

---

[9] *See* https://www.tsmc.com/english/aboutTSMC/company_profuile.htm ("Established in 1987 and headquartered in Hsinchu Science Park, Taiwan, TSMC … is the world's largest semiconductor foundry, manufacturing 9,920 different products using 258 distinct technologies for 465 different customers in 2017.") (last visited May 6, 2019).
[10] *See U.S. Relations With Taiwan, Bureau of East Asian and Pacific Affairs Fact Sheet, August 31, 2018*, U.S. DEPART. OF STATE, https://www.state.gov/r/pa/ei/bgn/35855.htm (last visited May 6, 2019).
[11] *West v. Velo Enter. Co., Ltd.*, No. 5:13-CV-00024-OLG, 2013 WL 12086781, at *2 (W.D. Tex. Aug. 29, 2013) (Garcia, J.).

### B. The proposed means of service are not prohibited by international agreement.

Neither the Hague Convention nor any other international agreement prohibits service of the summons and complaint on a foreign corporation through its U.S. counsel, in-house counsel, or a wholly-owned U.S. subsidiary. That said, Taiwan is not a signatory to *The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters* ("Hague Convention"), Feb. 10, 1969, 20 U.S.T. 361; T.I.A.S. No. 6338, which outlines the requirements for effective service of a foreign corporation. Nor is Taiwan a member to any treaty related to international service of judicial documents like the summons and complaint, meaning service under Rule 4(f)(1) is not an option.[12] As a result, numerous district courts have allowed service upon Taiwanese corporations by serving their U.S. counsel under Rule 4(f)(3), and many of those courts have specifically authorized such service to occur by email.[13] Moreover, district courts routinely allow alternative service to be accomplished via service upon a United States subsidiary or affiliate of a foreign entity.[14] Here, without question, STC.UNM's proposed alternative means of service through Mr. Massa, Mr. Chen, or TSMC North America are not prohibited by international agreement.

---

[12] *See West*, 2013 WL 12086781, at *2 (noting that "Taiwan is not" a signatory to the Hague Convention); *Emine Tech. Co. v. Aten Int'l. Co.*, No. C 08-3122 PJH, 2008 WL 5000526, at *3 (N.D. Cal. Nov. 21, 2008) ("Rule 4(f)(1) cannot apply because Taiwan is not a signatory to the Hague Convention.").

[13] *See, e.g., Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co., Ltd.*, No. 18-CV-00297-BAS-BGS, 2019 WL 246562, at *3 (S.D. Cal. Jan. 17, 2019) (allowing email service on local counsel of Taiwanese company); *Tatung Co. Ltd. v. Hsu*, No. SA-CV-131743, 2015 WL 11089492, at *2 (C.D. Cal. May 18, 2015) (finding "[t]he United States and Taiwan have not signed any treaties or agreements regarding service of process from United States courts"); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 270 F.R.D. 535, 536-38 (N.D. Cal. 2010) (allowing service on U.S. counsel of Taiwanese company); *Alu, Inc. v. Kupo Co.*, No. 6:06-CV-327-ORL-28DAB, 2007 WL 177836, at *3-4 (M.D. Fla. Jan. 19, 2007) (allowing email service on a Taiwanese corporation).

[14] *See, e.g., Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010) (acknowledging cases allowing service of foreign entities through domestic subsidiaries and counsel); *Lisson v. Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013) (allowing service of Chinese corporate executive through corporation's registered agent in United States); *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (authorizing service on CEO living in China via service to his company's registered domestic agent and counsel); *In re LDK Solar Secs. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186, at *4 (N.D. Cal. June 12, 2008) (allowing service of six Chinese defendants through California subsidiary).

### C. The proposed means of service satisfy due process.

Service through TSMC's lawyers or subsidiary satisfies due process. In *Affinity Labs*, the court relied on Rule 4(f)(3) to effect service on a foreign corporation's U.S. counsel or wholly-owned U.S. subsidiary, concluding that such service "meets the constitutional threshold of due process."[15] Due process requires that the method of service crafted by the Court provide "reasonable notice and an opportunity to be heard."[16] It "does not require that the individuals served on behalf of foreign defendants have represented them or been authorized to accept on their behalf."[17] Rather, "[t]he means employed must be such as one desirous of actually informing the absentee. … The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected."[18]

Moreover, email is not only a permissible means of alternative service, it has even been considered one of the best forms because it is "aimed directly and instantly" at the foreign defendant.[19] This is particularly true where "the Foreign Defendants are involved in commercial internet activities."[20] Here, TSMC conducts business through its own U.S.-directed webpage (www.tsmc.com). TSMC not only advertises and sells through this site, but it also interacts with customers in real time: "TSMC-Online offers an effective and efficient e-commerce business platform for our customers, providing comprehensive information from technology selection to post-sales services. With around the clock,

---

[15] *Affinity Labs*, 2014 WL 11342502, at *4.
[16] *Fundamental Innovation Sys. Int'l., LLC v. ZTE Corp.*, No. 3:17-CV-01827-N, 2018 WL 3330022, at *5 (N.D. Tex. Mar. 16, 2018) (Godbey, J.) (internal quotations omitted) (permitting service on a foreign party's U.S. counsel).
[17] *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 565-66 (C.D. Cal. 2012) (finding unserved officers' and directors' "close connection" with the corporation make it "all but certain" that directors served through counsel "will receive notice of the suit").
[18] *Mulane*, 339 U.S. at 315.
[19] *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) (authorizing service on defendant's counsel where it was "clear that [the attorney] was in contact with [the foreign defendant]").
[20] *Facebook, Inc. v. Banana Ads, LLC*, No. 11-CV-3619-YGR, 2012 WL 1038752, at *2, n.5 (N.D. Cal. Mar. 27, 2012) (finding that email service to Hong Kong, "a special administrative region of the People's Republic of China," satisfied due process).

daily up-to-date information from our wide range of foundry databases, TSMC-Online is your business window into TSMC."[21]

Mr. Chen (of the IP division) also identified Mr. Massa as TSMC's "outside counsel" by email. Given the parties' licensing negotiations were unsuccessful, it is more likely than not that TSMC is already aware of the pending action and Mr. Massa will represent the company in the proceedings. Finally, it is evident from court filings across the United States that TSMC North America is TSMC's wholly-owned subsidiary. The circumstances of this case make clear that service on Mr. Massa, Mr. Chen, or TSMC North America for TSMC is guaranteed to provide notice, as it is impossible to imagine they would not advise TSMC that the lawsuit has been filed or that service has been attempted. Under these facts, service through Mr. Massa, Mr. Chen, or TSMC North America is reasonably certain to apprise TSMC of the suit and provide an opportunity to defend against it.

### D. Service under Taiwanese law would be time-consuming and expensive and will complicate and multiply the proceedings.

Other reasons support STC.UNM's request for alternative service. **First**, service under Taiwan's law would cause unnecessary delay and expense. As this Court and numerous others have held, "saving time and expense are valid reasons to request an alternative method of service."[22] In Taiwan, service of the summons and complaint must be administered by the clerk of a Taiwanese court with jurisdiction over TSMC.[23] Taiwanese law also allows a foreign party to request, by letters rogatory,

---

[21] *See* https://online.tsmc.com/online/(last visited May 6, 2019); *see also* https://www.tsmc.com/english/contact_us.htm (requesting email addresses from any one with "questions, comments or suggestions" so TSMC can follow up) (last visited May 6, 2019).
[22] *Affinity Labs*, 2014 WL 11342502, at *3; *see, e.g., In re GLG Life Tech*, 287 F.R.D. at 266 (ordering alternative service because "the length of time required for service under the Hague Convention, approximately six to eight months … may unnecessarily delay this case"); *Baker Hughes Inc. v. Homa*, No. H-11-3757, 2012 WL 1551727, at *16-17 (S.D. Tex. Apr. 30, 2012) (Rosenthal, J.) (holding that avoiding additional cost is a sufficient justification for seeking an alternative method of service).
[23] *See Emine Tech.*, 2008 WL 5000526, at *3-4 (rejecting service upon Taiwanese corporation where personal service was attempted on an employee "because the Taiwanese Code explicitly requires the court clerk to administer service of process, 'except as otherwise provided'").

the assistance of the courts of Taiwan in serving civil litigation documents.[24] But Chinese translations and verifications of the translations of letters rogatory and other pertinent service documents from the foreign lawsuit, including the summons and complaint, must be provided.[25] So effecting service of process through the letters rogatory process is "time-consuming, expensive, and burdensome."[26]

**Second**, service under Taiwan's law would complicate and multiply the proceedings. One practical example concerns the scheduling order for this action. If required to serve TSMC through the clerk of a Taiwanese court or the letters rogatory process, STC.UNM's case against TSMC North America will be significantly delayed, preventing STC.UNM from coordinating discovery activities with the defendants simultaneously.

Another more important example concerns TSMC's representation about filing one or more parallel IPR proceedings challenging the patent-in-suit. As discussed above, service under Taiwanese law could take many months, thereby delaying the start of TSMC's one-year clock for filing IPRs. And it could even create an argument for TSMC that an unrecognized foreign country's service of process law does not trigger § 315(b)'s time bar in any event.

Several PTAB decisions justify STC.UNM's apprehension. For instance, in *Amneal Pharmaceuticals, LLC v. Endo Pharmaceuticals Inc.*, Endo's preliminary response asserted that the IPR petition was time-barred.[27] On January 9, 2013, Endo sought leave to amend its first amended complaint, which the district court granted on January 14.[28] Three days later, Endo filed the second

---

[24] *See In re TFT-LCD*, 270 F.R.D. at 537 (rejecting Taiwanese corporation's argument that the plaintiff must first attempt to personally serve the company via the letter rogatory process at its Taiwan address and concluding that "service by letters rogatory [under Taiwanese law] is more expensive and time-consuming than serving defendant's counsel").
[25] *Id.* at 537-38.
[26] *Id.* at 537 (indicating the translation costs could be nearly $10,000 and the process could take 4-7 months).
[27] IPR2014-00360, Paper 15 at 2 (P.T.A.B. June 27, 2014).
[28] *Id.*

amended complaint—less than one year before Amneal's petition for IPR.[29] The PTAB framed the question as "whether service on January 9, 2013, of [Endo's] Motion to Amend Complaint, attaching a proposed 'Second Amended Complaint' as an exhibit, or the district court Order granting that Motion on January 14, 2013, constituted service of a 'complaint,' thereby triggering the one-year time bar under § 315(b)."[30] The PTAB found that service, via the district court's ECF system, of a motion with an attached amended complaint was at best service of a "proposed complaint" until the district court had granted leave for filing the amendment, because until then "[Amneal] was not yet a defendant in a lawsuit with respect to the '216 patent."[31] The PTAB also found that, "[Amneal] was not 'served with a complaint' for the purposes of § 315(b) when the district court granted [Endo's motion] on January 14, 2013" because "the Order did not indicate that the Second Amended Complaint was filed or served on [Amneal] as of January 14, 2013."[32] Weighing the effect of the district courts local rules, the Federal Rules of Civil Procedure, and other authority, the PTAB held that it was not until Amneal "was brought under a court's authority by formal process, and became obliged to engage in litigation in relation to the '216 patent, on January 17, 2013, when [Endo] *actually filed* its Second Amended Complaint, and not beforehand" did § 315(b)'s time period being to toll.[33]

In *Motorola Mobility, LLC v. Michael Arnouse*, the PTAB interpreted "service" under § 315(b) narrowly to allow institution. Even though Arnouse filed a complaint more than a year before the IPR petition, he "did not provide Motorola with a summons when he sent the complaint."[34] Arnouse argued that the word "served" in § 315(b) means "to deliver" or "to present a person notice," and the phrase "'served with a complaint' means to be provided a copy and receive actual notice of a filed complaint

---

[29] *Id.*
[30] *Id.* at 4.
[31] *Id.* at 8-9.
[32] *Id.* at 9.
[33] *Id.* at 9-10 (internal quotations omitted) (emphasis added).
[34] IPR2013-00010, Paper 20 at 20 (P.T.A.B. Jan. 30, 2013).

for patent infringement."[35] However, the PTAB interpreted it narrowly to require a summons, meaning Motorola's 1-year clock to file an IPR had not yet started, and thus Motorola's petition was allowed.

Because service under Taiwanese law would be time-consuming and expensive and will complicate and multiply the proceedings, STC.UNM's request for substituted service should be granted.

### E. STC.UNM's proposed alternative service under Rule 4(f)(3).

STC.UNM seeks to serve TSMC using the following three methods contemporaneously:

1. Sending the complaint and other required materials to TSMC's outside counsel, Mr. Dominic Massa, at WilmerHale, by email and FedEx, using the same email and postal address listed in Mr. Massa's March 1, 2019 email signature block: dominic.massa@wilmerhale.com and 60 State Street, Boston, MA 02109;

2. Sending the complaint and other required materials to TSMC's in-house counsel, Mr. Matt Chen by email using the same email address listed in Mr. Chen's January 18, 2019 email signature block: jkchene@tsmc.com; and

3. Sending the complaint and other required materials to TSMC's wholly-owned U.S. subsidiary, TSMC North America, by courier using the same postal address listed in TSMC North America's October 22, 2018 *Statement of Information* for the California Secretary of State: 2851 Junction Avenue, San Jose, CA 95134.

Any one of these methods would be sufficient alone to apprise TSMC of this action. Together, they are more than adequate to satisfy Rule 4(f)(3).

### IV. <u>CONCLUSION</u>

For the foregoing reasons, STC.UNM respectfully asks the Court to grant this motion and enter an order approving alternative service of process on TSMC through its U.S. counsel, in-house counsel, and wholly-owned U.S. subsidiary as proper under Rule 4(f)(3) and (h)(2).

---

[35] *Id.* at 2-3.

Dated: May 24, 2019  Respectfully submitted,

By: /s/ *Charles Ainsworth*
Charles L. Ainsworth (Texas 00783521)
Robert Christopher Bunt (Texas 00787165)
(application pending)
PARKER, BUNT & AINSWORTH, P.C.
100 East Ferguson, Suite 418
Tyler, Texas 75702
Tel: (903) 531-3535
charley@pbatyler.com
rcbunt@pbatyler.com

Michael W. Shore (Texas 18294915)
Alfonso G. Chan (Texas 24012408)
Samuel E. Joyner (Texas 24036865)
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
mshore@shorechan.com
achan@shorechan.com
sjoyner@shorechan.com

Brian D. Melton (Texas 24010620)
John P. Lahad (Texas 24068095)
Alejandra C. Salina (Texas 24102452)
Jeffrey David (Texas 24053171)
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
bmelton@susmangodfrey.com
jlahad@susmangodfrey.com
asalinas@susmangodfrey.com
jdavid@susmangodfrey.com

**COUNSEL FOR PLAINTIFF STC.UNM**

## **CERTIFICATE OF SERVICE**

In accordance with Federal Rule of Civil Procedure 5 and Local Rule CV-5, I hereby certify that a true and correct copy of the foregoing has been served on TSMC's U.S. counsel at the email addresses listed below on May 24, 2019.

*Via Electronic Mail*
Dominic E. Massa
David L. Cavanaugh
WILMERHALE
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6386
Fax: (617) 526-5000
dominic.massa@wilmerhale.com
david.cavanaugh@wilmerhale.com

**COUNSEL FOR DEFENDANT TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LIMITED**

                                                   */s/ Charles Ainsworth*
                                                   Charles L. Ainsworth