IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| STC.UNM, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| TAIWAN SEMICONDUCTOR | § | CIVIL NO. 6:19-CV-00261-ADA |
| MANUFACTURING COMPANY | § | |
| LIMITED and TSMC NORTH | § | |
| AMERICA, INC., | § | |
| *Defendants.* | § | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE ON DEFENDANT TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LIMITED

Before the Court is Plaintiff's Motion for Leave to Effect Alternative Service on Defendant Taiwan Semiconductor Manufacturing Company Limited. Dkt. Number 10. After carefully reviewing Plaintiff's Motion, the Court finds that it should be granted for the following reasons.

**A. Legal Standard**

Federal Rule of Civil Procedure Rule 4(h) governs service of process on corporations such as Defendant Taiwan Semiconductor Manufacturing Company Limited ("TSMC"). FED. R. CIV. P. 4(h). Pursuant to Rule 4(h)(2), service of a corporation "at a place not within any judicial district of the United States" is to be conducted "in any manner prescribed" by Rule 4(f) for serving an individual "except for personal delivery under (f)(2)(C)(i)." *Id.* Rule 4(f)(3) provides that the Court may authorize service on a foreign individual "by other means not prohibited by international agreement." FED. R. CIV. P. 4(f)(3). Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th

1

Cir. 2002) ("As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text.").

However, a plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3). *Rio Properties, Inc.*, 284 F.3d at 1015 ("[E]xamining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant."). In the end, any alternative method of service authorized must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

### B. Alternative Service of Process is Justified for TSMC.

The Court finds that alternative service of process is justified for TSMC for several reasons. First, the United States does not recognize Taiwan's government as a sovereign state, which complicates matters regarding Plaintiff serving TSMC with process under "the foreign country's law." FED. R. CIV. P. 4(f)(2). Second, neither the Hague Convention nor any other international agreement prohibits service on a foreign corporation through its U.S. Counsel, in-house counsel, or a wholly-owned U.S. subsidiary. Furthermore, service pursuant to Hague Convention procedures is impracticable in this case because Taiwan is not a signatory to the Hague Convention, or any other treaty related to international service of judicial documents like summons and complaint. *West v. Velo Enters. Co., Ltd.*, No. 5:13-CV-00024-OLG, 2013 WL

2

12086781, at *2 (W.D. Tex. Aug. 29, 2013); *Tatung Co. Ltd. v. Hsu*, No. SA-CV-131743, 2015 WL 11089492, at *2 (C.D. Cal. May 18, 2015) (finding that "[t]he United States and Taiwan have not signed any treaties or agreements regarding service of process from United States courts."). As a result, many district courts have allowed service upon Taiwanese corporations by serving their U.S. counsel under Rule 4(f)(3). *See, e.g., Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co., Ltd.*, No. 18-CV-00297-BAS-BGS, 2019 WL 246562, at *3 (S.D. Cal. Jan. 17, 2019) (allowing email service on local counsel of Taiwanese company). District courts also have allowed alternative service to be accomplished via service upon a United States subsidiary or affiliate of a foreign entity. *See, e.g., Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010) (acknowledging cases allowing service of foreign entities through domestic subsidiaries and counsel).

Finally, the Court finds that Plaintiff's proposed means of alternative service satisfy due process because the proposed methods will provide reasonable notice and an opportunity to be heard. *See Affinity Labs of Texas, LLC v. Nissan North America, Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *3 (W.D. Tex. July 2, 2014) ("Due process requires that notice be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (quoting *Mullane*, 339 U.S. at 314). This is made evident from the fact that past courts have allowed plaintiffs to service Taiwanese companies in a similar manner as proposed by Plaintiffs. *See, e.g., Fourte Int'l Ltd. BVI*, 2019 WL 246562 at *3 (allowing email service on local counsel of Taiwanese company); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 270 F.R.D. 535, 536–38 (N.D. Cal. 2010) (allowing service on U.S. counsel of Taiwanese company); *Alu, Inc. v. Kupo Co.*, No. 6:06-CV-327-ORL-28DAB, 2007 WL 177836, at *3–4 (M.D. Fla. Jan. 19, 2007) (allowing email service on a

Taiwanese corporation). Because of the foregoing, the Court finds that alternative service of process is justified for TSMC.

### C. Conclusion

Because of the above, the Court finds that Plaintiff's Motion for Leave to Effect Alternative Service on Defendant Taiwan Semiconductor Manufacturing Company Limited should be and hereby is **GRANTED**. It is therefore **ORDERED** that Plaintiff may effect service on Taiwan Semiconductor Manufacturing Company Limited using the following three means in combination:

1. Sending the complaint and other required materials to TSMC's counsel, Mr. Dominic Massa, at WilmerHale, by email and FedEx, using the same email and postal address listed in Mr. Massa's March 1, 2019 email signature block: dominic.massa@wilmerhale.com and 60 State Street, Boston, MA 02109;

2. Sending the complaint and other required materials to TMSC's in-house counsel, Mr. Matt Chen by email using the same email address listed in Mr. Chen's January 18, 2019 email signature block: jkchene@tsmc.com; and

3. Sending the complaint and other required materials to TSMC's wholly-owned U.S. subsidiary, TSMC North America, by courier using the same postal address listed in TSMC North America's October 22, 2018 *Statement of Information* for the California Secretary of State: 2851 Junction Avenue, San Jose, CA 95134.

**SIGNED** this 29th day of May 2019.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE